**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 2 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSHUA D. LAMBERT, | No. 23-35148 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:19-cv-01829-BJR-SKV |
| ROBERT S. MCKAY, Public Defender, Island County; ISLAND COUNTY; JOSE BRIONES, Chief Jail Administrator, Island County Corrections; WILLIAM E. BECKER, Lieutenant, Island County Corrections; ERIC BINGHAM, Lieutenant, Island County Corrections; CHRISTINE WRIGHT, Sergeant, Island County Corrections; MARY KAYE WELLER, Civil Records, Island County Sheriff's Office; CHALICE BAILEY, Mental Health Provider, Island County Corrections; DERIK PIECHOWSKI, Sergeant, Island County Corrections | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Submitted July 2, 2026[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: O'SCANNLAIN, SILVERMAN, and N.R. SMITH, Circuit Judges.

Washington state prisoner Joshua D. Lambert appeals pro se the from the district court's judgment in his 42 U.S.C. § 1983 action alleging that the defendants violated his constitutional rights. We affirm.

The district court properly granted summary judgment on Lambert's First Amendment claim against Island County and Chief Briones in his official capacity because Lambert failed to raise a triable dispute as to whether the defendants' publisher-only mail policy, custom, or practice was unconstitutional. *See Bell v. Wolfish*, 441 U.S. 520, 548-50 (1979) (rejecting First Amendment challenge to a similar publisher-only mail policy); *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013) (describing situations giving rise to municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)); *Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir. 1986) (requiring an expressly adopted or tacitly authorized policy or custom to establish municipal liability). Unlike the policy at issue in *Clement v. California Dep't. of Corr.*, 364 F.3d 1148 (9th Cir. 2004) where this court held unconstitutional a "blanket ban" that prohibited inmates from receiving any internet-generated material, the policy at issue in this case prohibits some, but not all, computer-generated materials received through the mail, namely computer-generated books, magazines, photos, and newspapers.

23-35148

The district court properly dismissed the conspiracy and retaliation claims against Lambert's attorney McKay and Lieutenant Bingham because Lambert failed to allege facts showing that defendants conspired or retaliated against him. Lambert's right to telephone access was subject to reasonable security limitations, *see Valdez v. Rosenbaum*, 302 F.3d 1039, 1047-48 (9th Cir. 2002), and, in the absence of retaliation or a conspiracy, there is no constitutional violation. *See Lacey v. Maricopa County*, 693 F.3d 896, 935 (9th Cir. 2012) (defining conspiracy and requiring an underlying constitutional violation).

The district court properly dismissed Lambert's claims against Island County and Chief Briones in his official capacity based on an allegedly unconstitutional mail policy that led to confiscation of Lambert's books because Lambert did not cite any official policy to support this claim and Lambert conceded that none of his books were taken. *See Ellins*, 710 F.3d at 1066 (affirming dismissal of claims when plaintiff failed to adduce sufficient evidence of an official policy or custom).

The district court properly dismissed Lambert's claim alleging that Sergeant Piechowski threatened to retaliate against Lambert if Lambert subpoenaed Piechowski to testify at his criminal trial because, to the extent that a comment between correctional officers that was overheard by an inmate constitutes a threat or verbal abuse, such a comment on this record failed to state a sufficient

constitutional claim under Section 1983. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987).

Lambert's motion to strike the answering briefs (Docket Entry No. 25) is denied.

**AFFIRMED.**